morning as I did yesterday I will in advance thank judge John Padova of the United States District Court for the Eastern District of Pennsylvania for sitting with us and helping judge Jordan and me with the work of the court we will now begin our cases for the day the first case is United States versus Anthony Robertson morning your eyes if I may I would ask for three minute rebuttal time granted thank you I'm sure the court knows to proceed state your name for the I'm sorry my name is I'm not sure I'm going to pronounce it right happens quite my name is William Smalls Reed thank you and I represent the appellate the appellant Anthony Robertson I'm sure the end of the court understands procedurally what happens unless they would like me to do a quick synopsis we're aware of the fact thank you rule 32 is of the federal rules of criminal procedure I cannot think of a more stronger verb used in the in 32 1 b 1 a must must conduct a preliminary hearing the magistrate judge must it's not shall it's not will it's not a passive verb so arguably the strongest word in the strongest verb in the English language that mean that it's that a preliminary hearing is not waivable not if it's not offered your honor and that's the problem I believe is it would you agree that that we're here under a plain-ear standard of review yes sir okay so if we're dealing with plain air and the error is not brought to the attention of the district court at any point is there is there a problem with our noting that as reversible air in other words nothing was said to the district court to point out despite the fact that there were multiple continuances hey we're supposed to be getting a preliminary hearing here your honor does that even if it's not a waiver does that constitute somehow a problem given the standard of review no you are I don't believe so in this case because I believe this is a systemic problem that permeates the Third Circuit is there any evidence for that pardon any evidence I have well certainly you could ask the US Attorney if it's a standard procedure in the third in the in the western districts of Pennsylvania frankly I've talked to the the Federal Public Defender's Office in the New Jersey District the Delaware District the Eastern District in the Middle District of Pennsylvania regarding this regarding how rule 32 is handled in their districts and got responses from all of them but your argument can't rise and fall on what error that involves substantial rights of your specific defendant now your client here got a full-blown hearing he asked for a continuance a few times got it got a full-blown hearing what and in plain error with the rules we we all was talk about substantial rights so what substantial rights i.e. what prejudice was there to your client by not having had a preliminary hearing here that's it your honor he had he was offered a preliminary hearing there are two hearings at rule 32 mandates a preliminary hearing and a revocation hearing there are two separate and distinct hearing okay but how was he harmed by virtue of having only one out of the two he's incarcerated right now your honor I don't we don't know what would have happened at the preliminary hearing well he was held you're saying the preliminary hearing might have gone that there was no probable cause don't don't you have to argue that that you know it's not just speculative don't you have to put before us something that went awry and something that happened to him that shouldn't have happened because of this plain error your honor I believe that this happens to everybody I don't I believe in the Western District of Pennsylvania this is the common practice there is no this is the first time I've even was aware of I've been practicing for 15 years and in the in the Western District of Pennsylvania and I was never aware that a preliminary hearing was required for a revocation here a revocation hearing standard practices a public defender usually handles it and then they call in a panel attorney because it's usually someone who is indigent who is violating supervised release I was not aware of it we have we have we have to operate on the record that we have we can't deal with extra record information right well that's the issue all right so I mean we can't we can't really take judicial notice that that rule 32.1 is being ignored rampantly throughout the Third Circuit which is what it sounds like you're asking us to do so if we can't do that and we're we're dealing with the record that we've got judge Randall's question is is the one of real moment here which is what can you point to if anything that says yes because he didn't get that probable cause finding the finding of actual guilt for the violation at the revocation hearing itself was insufficient to initiate any prejudice associated with the lack of the preliminary hearing your honor I can't I can't I like it I can't give you a I don't know I wasn't there I didn't I went to the provocation hearing I don't know what could have happened at the preliminary hearing I was not there I would ask the court to take notice of though of the this this is a problem soon to continue to come up well that's not to say if we write on this matter that we we can't you know decry the fact that this rule is being ignored if indeed it is but in terms of making a plain-air standard presents its difficulties and in fact the Second Circuit in the in the Campion case they did the companion case I'm not sure how you say that I guess it's companion they they went out of their way to say you know if this is a systemic problem then that's another issue for another day we'll deal with it if we need to but you know there could certainly be if you're there could certainly be a problem as you're suggesting but if there is I guess we'd have to deal with that at another time when we actually had the record for that wouldn't you agree yes your honor it's certainly the court's discretion Holly would deal with this absolutely now with respect to waiver if he there's an argument being made by the government that your client waived this it seems to me if there is a right set forth in the rule I mean it's there and I'll bring this up with the government but it seems that you know do you if you have a right do you do you waive a right by not reminding the court that you have the right set forth in the rule no your honor and also your honor yes I was not the preliminary hearing well there wasn't one excuse me the initial appearance okay initial appearance there was everything but there was plus I should add one had already been preset by the district justice district court when he signed the probation action report in the arrest warrant your honor by the time I I was appointed to this case the initial appearance was over and there was a bond bond seemed to me to be the most of the important assets to pursue the hearing was not until December 8th or December 7th I believe the holidays were coming up and I thought that mr. Robertson as it was a bond normally there's sometimes there's no bond I didn't require required what I got one filed one it was reduced to 10,000 and then of course mr. Robertson couldn't make the one I was still at that time I don't wear your honor of any preliminary hearing problems it wasn't I've never done a preliminary hearing brought up before not explain excuse me an initial appearance on a revocate or a revocate violation revocation I've done the revocation hearings but normally the public defender's office the federal defender's office in the Western District handles those and then they were assigned to a panel attorney but no I don't believe so you're all right I was not until I started to do research on this case I realized how strong the language was in rule 32 that said must and it's like and I don't see how you can wait how you can combine two here waiver I mean it's one thing for us to say it's plain error because it wasn't called to the attention of the district court I mean that's one thing but to say that because it wasn't the right wasn't asserted the right was waived well I'll let your colleague address that but just seems to me that's something you might have going in your favor if the key issue is counsel before you leave us the Seventh Circuit in the United States versus Abdul Hamid and the Ninth Circuit both held that preliminary hearing pursuant to rule 32.1 b1 is a waivable right do you have any authority to the contrary either out of the Third Circuit or out of any other circuits no I know your honor because it's never been addressed in it's rarely addressed and obviously I as I said I did not discover it until the appeal was filed and I started to look at the at the record and that's when I discovered this the strong language in 32 in 30 in rule 32.1 no it's if one would check there is very little case law on that particular on that particular subject I don't believe there's anything from the Third Circuit on that particular subject I guess one thing going in your favor from a factual standpoint here although it's not really a matter of record but you didn't know and advise your client that there was this right then the waiver knowing and the knowing involuntary aspect of a waiver might be questionable maybe that's something you want to dress on rebuttal depending upon what your colleagues and then other than that your honor again I would that mr. Robertson again he I still rely on I that the harm once that he was incarcerated we don't know what would have happened at a preliminary hearing there are two preliminary there is a plimb two distinct hearings required not a hybrid hearing where it's just considered as the government would have you believe of a preliminary hearing and the revocation hearing there's two separate the distinct entities and that's how they should be looked at by the court and that's how I believe there's been a violation due process thank you thank you may it please the court Laura Irwin from the US Attorney's Office in the Western District on behalf of the government this court should affirm mr. Robertson's revocation of supervised release he did not suffer an actionable due process violation from the absence of a preliminary hearing he appeared before the district court with counsel at every stage of the revocation proceedings is it true that the magistrate judge failed to advise him at the initial appearance that he had the right to a preliminary hearing that's true your honor and unfortunately I don't think I pointed that out sufficiently in my brief there's actually two violations rule 32 here and it's that provision I think it's 32 a c3 and then under the preliminary hearing portion obviously the rule says he must but to answer judge Padova's question the rule also provides that it can be waived sure so it wouldn't it be a little odd for us to say that a right that the court is obligated in the strongest language to point out to the defendant but which it fails to point out to the defendant is waived by the defendant not saying anything about what it wasn't told what he wasn't told I agree that it provides a very odd position my response would be twofold one is that he was represented by counsel at all times and counsel has some obligation to be familiar with the rules second but it's way well good but second and then I'll ask you you know what I actually just forgot my second point sorry that's okay go ahead but it would seem that you know something waiver we have lots of jurisprudence about waiver knowing involuntary something you whether inaction is waiver you know for us to adopt a rule whereby you know counsel's failure to alert a client assuming counsel knew constitutes a waiver of a rule that says something must happen it's a little tough I mean I've got to think that waiver is not your best argument in this in this I agree with you that it's not my best argument and it would be a tough position to make and it reminds me what my second point was is I think the court needs to be sensitive to the differences between a criminal proceeding where you're working with a you know immediate conviction and a revocation hearing those they're obviously two different procedures and I would just caution that the over formalization of revocation might be somewhat problematic given that it is not a direct proceeding is a typical criminal case but Morrissey and Gagnon are pretty are very direct in fact aren't they in saying that due process requires both hearings they didn't say be nice to have or you know better form if you they say these are mandated by due process those are two Supreme Court cases that are pretty direct and clear on the requirements of constitutional due process in the context of post conviction hearings like parole probation revocation and supervised release revocation wouldn't you agree I do agree and I think rule 32 one reflects that okay so if that's what we're if that's what we're dealing with and there is on this record plainly a violation of that where where are you left to make your case that there's a lack of prejudice in this case and I think the defendant has essentially conceded that in his opening brief he alleged that he was denied the raised plain air he didn't raise plain air or the failure to preserve and there was no reply brief filed to indicate you know to kind of massage the issue of what kind of injury he suffered and he did exercise the right to cross-examine he did exercise the right to confrontation and I realized he didn't get those at the preliminary stage but he has to show that there is some injury to him as a direct result of those violations at that stage he has to show that there's no probable cause he has to show that there's an effect on his sentence and he hasn't even made those arguments what if I know it's not this case and maybe this case turns on the standard more than on the right itself but what if he had said at some point don't aren't I entitled to the preliminary hearing and that the court said well you know it's really not necessary because we're having a revocation hearing anyway would then I mean then there would be does it have to show due process prejudice for a due process violation I'm not sure I understand your question if the court if you had brought it to the attention of the district court so we don't have a plain error standard mm-hmm it's not this case but I'm just wondering how strong the right is I think he would still have to show an injury of some sort he would have to show there's a lack of probable cause or that his revocation was based on something less than a preponderance or that his sentence somehow was affected by the doesn't that doesn't that just read it right out of the book because what you're saying is that that there this right can be ignored with impunity and there is nothing to be done about it well I don't know that it can be ignored with impunity but it's clearly the rule itself contemplates that it can be waived and if if there's a probable cause finding at some point well it doesn't matter that it happened at a later stage let's set waiver aside for because that's debatable one could say it was waived and argue that or one could say it's it's tough to make the pitch that there's a knowing and voluntary waiver when you say nothing but let's just leave that to the side for a second if the position you're advancing is that regardless of plain error review the government can bypass a preliminary hearing and go to a later revocation hearing and that that always serves as a rinse that takes the due process violation out of the case doesn't that make the rule a nullity well actually keep in mind I'm not arguing that in this case I'm arguing in this case there's no plain error and I I I think it would have to be very fact specific if we were to come to the conclusion that you just drew that it that it rinses away all the errors I think each case would turn on its own facts would it be wise for district court to in those circumstances where defendant raises an issue like that to completely forego a preliminary hearing I think not right and and you know we have I'm not asking you to comment on this because it is extra record but we we have it being pressed on us that that this is a regular problem that the Second Circuit thought that was something that needed to be mentioned when they issued their opinion and companion is that is that something that needs comment well I certainly can't speak for any other district other than the Western District and the only extent that I can speak to the topic on the Western District would be just anecdotal information which I don't think is really what the courts looking for at this point with that said I don't think you are me although I think this rule is irregularly followed within my district based on what little information I have about just informally talking to people I certainly can't make a representation on behalf of the office but I was shocked to find out that people mostly law clerks when I pointed out the rule they said well maybe the magistrate's doing it now when I would talk to the magistrate the magistrate would say maybe the district court's doing it and then I talked to a USA some said never had a preliminary hearing some said sometimes I haven't sometimes I don't with that said I think that it would be wise for this court to make it clear that the rule must be complied with the rule really it says what it says exactly exactly don't do it not sure what well they're gonna slap your wrist or what we're gonna do with that but in this particular case I think that there is no injury that that mr. Robertson can show if there's no other questions I'll yield the floor to my colleague you look like you were coming up with the question I didn't had it you know an alibi witness and the witness disappeared you know by the time it came for the full-blown hearing there certainly could be a case in which there would not be plain error mm-hmm yeah where someone says you know well don't aren't I entitled and okay thank you very much I very briefly I'll address the waiver issue first I was only in court on two occasions the hearing on the on September 13 or excuse me January 13th which was eventually entitled a status conference the end of a hearing which was the actual revocation hearing on January 22nd long motions were both filed and just filed and the court rolled on them through the normal means of electronic electronic mail you are sometimes I waver I can't waive something that's already done the hearing must have been held at the preliminary at the initial initial appearance it wasn't how can I how can I waive it it was done it was a thing that was a fait accompli I could not have done anything about it and again I was not aware of it either even if I was aware of it then the argument would have been well you had your chances the preliminary or at the off to have your preliminary hearing at the initial at the initial appearance you didn't do it that's too bad that's that it's a two-edged story I couldn't win either way on that argument I mean I mean that's I would have ended up here one way or the other on that the thing is your honor it is again with mr. with mr. Robertson I believe that the air he is entitled to relief because his right is due process right was violated as you said we don't know what who or what he could have brought in he was it's you read the third the article or his address to the court on July or on the 13th of January he's very concerned about his own welfare about his welfare his own in his speech to the court I would ask the court to consider that a violation of due process major violation due process has been has occurred in this occasion it's been an ongoing process it needs to address mr. Robertson was harmed by this lack of due process he's currently in doing two years in a federal correctional facility and he never had the opportunity to waive it to have it he was not afforded any of those any of those basic rights so I feel that that is the injury it is complaining it should have been done it should have been done and he isn't he is incarcerated because none of the rules of procedural due process rules that more Morgan Morrissey and gag one advocate war were followed in this case are ignored there's almost as if well it's almost redundant to have a preliminary hearing and then have a revocation here and why not just you know for whatever sake we'll just do the one what was the time between his initial appearance and his revocation of course he asked for continuance I asked the initial time your honor was it would have been December 8th and I believe that was Thanksgiving week so it would have been probably 10 December 8th it was November 24th or 25th when I was appointed he was in court on initial appearance on November 24th and it was December 8th and that's when I asked for the bond being unaware of anything with the preliminary hearing thank you thank you cases well argued take it under advisement